Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LARRY ALONZO HILL BEY,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:20cv178-RH-MAF**

**DEPARTMENT OF REVENUE,**
**et al.,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, to this Court on April 9, 2020, along with a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion is signed under penalty of perjury and contends that Plaintiff has no income, owns no property, and is unable to pay the filing fee. Plaintiff's motion is granted and he will not be required to pay the filing fee for this case.

Prior to review of Plaintiff's complaint, he filed a motion for default, ECF No. 4, and a first amended complaint, ECF No. 5, on April 21, 2020. Plaintiff's motion for default, ECF No. 4, should be denied as frivolous. The

Defendants cannot be held in default because service of a complaint and summons has not been directed. Defendants have not failed to defend this case and, thus, there is no basis to enter a default under Federal Rule of Civil Procedure 55.

Moreover, the amended complaint has been reviewed and is insufficient to proceed. No. 5 at 2. Plaintiff contends that he mailed requests to have a debt validated.[1] Plaintiff alleges that "they" (which is assumed to mean the Defendants) failed to respond to his requests. Such an allegation does not reveal a factual basis to pursue a civil rights claim, and Plaintiff has not alleged that Defendants violated federal law. Because Plaintiff's facts are insufficient to show a plausible federal claim, it does not appear that providing another opportunity for Plaintiff to amend his complaint would be beneficial. Accordingly, this case should be dismissed as frivolous.

---

[1] Review of the attachments to his amended complaint suggests that Plaintiff may be attempting to prevent enforcement of a child support obligation. That is a state court matter. This Court does not have jurisdiction to overturn a child custody determination made by a state court.

Case No. 4:20cv178-RH-MAF

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

2. Plaintiff is not required to pay the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted, and his motion for default, ECF No. 4, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2020.

 S/   Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.